Supreme Court had jurisdiction to review on writ of error the judgment or decree of the State court of last resort upholding the validity of the ordinance, under the provision of the Judicial Code giving jurisdiction on writ of error "where is drawn in question the validity of a statute of any State on the ground of its being repugnant to the Constitution, treaties or laws of the United States."

The Ohio State Bar Association will open its summer meeting at Put-in-Bay on Thursday, the day following July the Fourth, and continue Friday and Saturday.

Next week the National Republican Convention will convene at Kansas City, and many Ohio lawyers, who are Abstract subscribers, will be there, either as delegates or visitors. But our editors will take in the proceedings over the radio, while they are preparing the next issue of the Abstract. Dear radio, how could we now go along without thee?

The issue of the Abstract of June 23, next week, will contain the Second Quarterly Digest for 1928. It will be issued on pink paper, as heretofore, and in it there will be the Case Law Notes, the Code Law Notes, and Omnibus Index (Table of Cases and Concordance), as heretofore, free to our subscribers.

## RENEWALS SOLICITED

The first semester of the Abstract's current year closes with No. 25 to appear on June 30. This is also the time when many of our subscribers' terms expire, and, lest it be forgotten, we have sent out notices to all such, asking for their renewals. As usual, a good number of them have already taken advantage of the discount we give for prepayment, thus again repeating their expression of confidence and the favor they have for the paper. No one can truthfully say that the Abstract has not been progressive, nor can they expect otherwise than that its continuance will be at the lively pace set by its former course.

## A MERITORIOUS ABSTRACT

As the Abstract explained, in its issue of January 28th last, the figures show that it gave its subscribers during 1927, more than 500 Court of Appeals' decisions, that appeared promptly in its columns only. Besides this, it printed many decisions of the Federal Courts, and the Common Pleas Courts, found exclusively in it. This record will be well exceeded in 1928. It does not expect to let any authoritative decision of any Ohio court of record escape its columns. Besides this excess, it will Digest all the opinions thoroughly and thus make them preemently accessible. It will also continue its Code Notes and Case Law Notes, and cumulate them so clearly that they will give the highest service to all Abstract Subscribers. This will be the best service of its kind obtainable. These are the inducements we offer our subscribers whose terms are now expiring, to renew for another year, and of which we ask their careful consideration.

---

**EPITOMIZED OPINIONS**
**Published only in the Abstract**

FORD v. ANDERSON, Sheriff, et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3159.   Decided Dec. 12, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**483. EXECUTION—6 9. Injunctions.**

1. In action for injunction to restrain sheriff from levying execution on going concern, averment that owner of such concern acquired same by virtue of sale which defrauded creditors, no defense.

2. Where it is clear that levy of execution would result in wasting and ruining of business, such levy will be enjoined until creditor, by proper action, establishes its claim of fraud.

Appeal from Common Pleas.

Injunction granted.

Chas. E. Dornette, Cincinnati, for Ford.
Chas. P. Taft, Pros. Atty., and Augustus Beall, Cincinnati, for Anderson.

## STATEMENT OF FACTS.

The plaintiff brought an action in the Court of Common Pleas of Hamilton County against William Anderson, Sheriff, and The Bergewisch Company, asking for an injunction to restrain the levy of an execution placed in the hands of the Sheriff by the Bergewisch Company, seeking to enforce satisfaction of a judgment recovered by the Bergewisch Company against The National Meat & Produce Co.

The plaintiff alleges that he is the owner of a certain retail meat and market store, situated at 741 W. Court St., Cincinnati, Ohio; that the defendant, The Bergewisch Co., claims that the plaintiff's said store is the property of the National Meat & Produce Co., and had instructed William Anderson, the Sheriff, to execute a levy on said store as the property of The National Meat & Produce Company; and that, unless restrained, the Sheriff will levy upon the said store of this plaintiff; that if said store is levied on, its daily business will be interfered with, its good will injured, and plaintiff will suffer irreparable injury, for which he has no adequate remedy at law.

The Sheriff answered, admitting the receipt of the execution, and alleging that the levy has not been made on account of notice of a temporary restraining order in this case.

The defendant company demurred to the petition, which demurrer was overruled in the trial court.

The Bergewisch Co. therefore answered, admitting that it recovered a judgment against The National Meat & Produce Co.; admitting

that it claims the meat market and store is the property of The National Meat & Produce Co.; and admitting the placing of the execution in the hands of the sheriff; for levy on the meat market and store; and denies that the store is the property of the plaintiff; and denies the other allegations of the petition.

The trial of the case resulted in the plaintiff securing a permanent injunction against levying the execution on the property in question. From that judgment, the Bergewisch Company appeals to this Court.

It appears from the evidence that the National Meat & Produce Co. was organized, and established several retail meat markets and stores in the City of Cincinnati; that Ford, the plaintiff, was one of the officers of the Company. The record discloses that the company became involved and was indebted to numerous creditors; that the company sold the meat markets and stores, together with the assets of the company, to a Mrs. Harmon, for the sum of approximately $6,000 cash; and distributed the same to the creditors of the company, and suspended business, without going through any form of dissolution. Subsequently Ford, the plaintiff, purchased, from Mrs. Harmon, one of the meat markets and stores for the sum of $800 cash, took over and is operating the meat market and store.

Defendant sought to prove that these sales and transfers were fraudulent, and made for the purpose of defrauding the creditors of the National Meat & Produce Co.; that the sale was not legally made and was in violation of the statutes of Ohio.

HAMILTON, PJ.

"This defense cannot be maintained in this action. Section 11104 GC. provides, among other things, that a sale for the purpose of defrauding creditors may be set aside at a suit of a creditor. If the defendant desired to set aside this sale as fraudulent, it was incumbent upon it to bring this suit, as a creditor, to set aside the sale.

This leaves but the one question, as to whether or not the plaintiff has an adequate remedy at law, and is not entitled to equitable relief.

The Bergewisch Company, defendant, argues that the plaintiff has adequate remedy under favor of Sect. 11741 GC., which, in substance, provides that where property is taken on a writ of execution, and the property is claimed by a person other than the defendant, the ownership of the property could be tried by a justice of the peace, and he, therefore, has an adequate remedy at law. While this is a method of recovery of property taken on execution by a third party claiming the ownership, and might be an adequate remedy in some instances, the statutory remedy would be inadequate and insufficient in a case like this.

It is in the record that the tangible assets of the meat market consisted mainly of but a few furnishings and fixtures of small value. The business, as a going concern, is a valuable one, and if execution was levied on the tangible assets, it would close the business, would ruin the good will, and would be a total loss, to the plaintiff, of his business, for which he has paid full value in money.

The following are cases supporting this proposition of law: Patty v. Mansfield, 8 Ohio 371; Jones v. Carr & Co., 16 OS. 420; Betz v. Betz, 4 Oh. Ap. 264; Miller v. Longacre, 26 Oh. St. 291; State ex Voight v. Lueders, Probate Judge, 101 OS. 211.

It seems clear that a levy of execution upon the plaintiff's property, situated as it is, would result in a wasting of and a ruining of the business, and unless and until the defendant, by proper action, establishes its claim of fraud, the prayer of the plaintiff for an injunction will be granted.

An entry may be presented granting a permanent injunction."

(Mills and Cushing, JJ., concur.)